IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL TEXAS

| | |  |
|---|---|---|
| CLARA PATTON, IND. AND ON BEHALF OF THE ESTATE OF LAURA PATTON, DECEASED; KIMBERLY GRAHAM, IND AND ON BEHALF OF THE ESTATES OF DESTINY GRAHAM, DECEASED, AND DA'MARCUS KING, DECEASED; LAUMARKA KING; DESHAWN BROWN AND CASSANDRA BROWN, IND. AND ON BEHALF OF THE ESTATE OF NATHANIAL BROWN, DECEASED, AND AS NEXT FRIEND FOR JOHN "C.j."BROWN, A MINOR; JAMES DAVISON, JR. AND DEBBIE ROCKWELL, IND. AND ON BEHALF OF THE ESTATE OF TESHAREME DAVISON, DECEASED, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| RODERICK GRAHAM, Intervenor | ) ) | Civil Action No.: 2-08CV-040 |
| V. | ) ) | |
| INVACARE CORPORATION, PRAXAIR HEALTHCARE SERVICES, INC., KIDDE INDUSTRIES, INC, KIDDIE FYRNETICS, INC. A DIVISION OF UTC FIRE AND SECURITY CORPORATION, KIDDE SAFETY A/K/A WALTER KIDDE PORTABLE EQUIPMENT, INC. F/K/A FRYNETICS, INC., SPIRIT HOMES, INC., SPIRIT HOMES, INC., A DIVISION OF CAVALIER ENTERPRISES, INC., CAVALIER ENTERPRISES, INC., CAVALIER HOME BUILDERS, L.L.C. F/K/A CAVALIER HOMES OF ALABAMA, INC. AND PATRICIA B. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**GRIFFIN D/B/A DISCOUNT HOMES, INC.** )
)
**Defendants** )

## MOTION TO COMPEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Complainant, Roderick Keith Graham, Movant herein, and brings this Motion to Compel against Invacare Corporation, Defendant, in accordance with Federal Rule of Civil Procedure 37(a)(1) to respond to certain Requests for Production. In support thereof, Movant would show the Court the following:

I.

Movant served Requests for Production on Invacare Corporation on or about December 18, 2008; a true and correct copy of said Requests for Production are attached hereto and incorporated by reference as Exhibit "A."

II.

The responses filed by Invacare Corporation, Defendant, to said Requests for Production are incomplete and insufficient. A true and correct copy of the responses filed by said Defendant are attached hereto and incorporated by reference as Exhibit "B." Specifically, Invacare Corporation filed incomplete and insufficient responses to Requests for Production Nos. 9, 10, 13, 14, 15, 16, 17, 18, 21, 22(2), 24, 25(1), 25(2), 27, 28, 29, 31(1), 34, 35, 36, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 60, 61.

In the case of the compelling-need exception to the work product rule, opinion work product may be discovered. Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992);

Motion to Compel Discovery: Clara Patton v. Invacare et al               2

In re Sealed Case, 676 F.2d at 809-10; Handgards, Inc. v. Johnson & Johnson Corp., 413 F.Supp. 926, 933 (N.D. Cal. 1976).  The need for responses to the production requests is particularly compelling since the Invacare oxygen concentrator involved in this suit has been virtually destroyed in a testing session conducted by Defendant Invacare and other Plaintiffs in this case.  As a result, Intervenor is incapable of conducting its independent investigation and analysis of the oxygen concentrator.  Furthermore, Defendant Invacare has conducted an investigation and testing of the site of the mobile home fire located at Farm to Market Road 450 North, south of Ore City and north of Harleton, Texas at issue in this case.  The mobile home has since been destroyed and consequently, Invacare is one of the only sources from which Intervernor can obtain the requested information.  Thus, Invacare ought to be required to produce requests for production 9, 10, 17, 18.

Discovery of financial information has routinely been allowed where the claim is one for punitive damages.  *See* Caruso v. Coleman Co., 157 F.R.D. 344, 348 (E.D. Pa. 1994); CEH, Inc. v. FV "Seafarer", 153 F.R.D. 491, 491-499 (D.R.I. 1993); Holliman v. Redman Dev. Corp., 61 F.R.D. 488, 490-491 (D.S.C. 1973) (when plaintiff sought actual and punitive damages, plaintiff was entitled to discover defendants' net worth at same time as discovery on merits was proceeding). Intervenor's present claim requests punitive damages thus, Defendant Invacare should be compelled to respond to request for production numbers 13, 14, 15, 60, 61.

Discovery is permitted regarding any unprivileged matter relevant to any party's claim or defense.  Federal Rules of Civil Procedure 26(b).  Invacare's execution of a settlement agreement with the other Plaintiffs in this case having claims identical to those of the Intervenor, is directly relevant to Intervenor's claims, thus Invacare should be compelled to produce documents responsive

to request for production number 16.  Furthermore, discovery should be compelled for requests for production numbers 21, 22(2), 24, 25(1), 25(2), 27, 28, 29, 34, 36, 42, 46, 48, 49, 50,51, 54, 55 43, 44, 45 since these requests all implicate information related to Intervenor's product liability claim that the oxygen concentrator was unreasonably dangerous and contained a defect.  Also, production requests 40, 47, and 52 are all requests relating to sales distribution or the stream of commerce component of Intervenor's products liability claim.  Additionally, requests for production 31(1), 31(2), and 31(3) all relate to Intervenor's claim of Praxair's negligence in performing the servicing work on the oxygen concentrator in the present case.  Since these requests are all related to Intervenor's claim, responses ought to be compelled.

Discovery of information concerning incidents similar to the one in the present case is within the scope of discovery.  *See* Baine v. General Motors Corp., 141 F.R.D. 328, 329-330 (M.D. Ala. 1991)( in action alleging defective design of seat belt lock mechanism, discovery permitted of all accident reports involving alleged failure of same type of mechanism, regardless of type of vehicle in which seat belt was installed).  As a result, a request for production asking about settlements in other litigation involving the same oxygen concentrator at issue in this suit is permissible.  Thus, documents responsive to request for production 56 should be compelled.

III.

All documents requested are relevant to Intevenor's claim that Invacare is responsible for the manufacture and placing of an unreasonably dangerous machine, the oxygen concentrator in this case, into the stream of commerce to the injury of the Intervenor.  Such requests also related to and the negligence of Codefendant, Praxair.

IV.

Invacare Corporation should be compelled to respond to said Requests for Production, and Movant requests that the Court rule on any objections made in connection therewith.

V.

The failure of Invacare Corporation to comply with proper discovery requests has necessitated the filing of this Motion to Compel.  Therefore, pursuant to Federal Rule of Civil Procedure 37(a)(1), Invacare Corporation should be required to pay reasonable attorney's fees and expenses incurred in connection with this motion, in the amount of $1500.

VI.

Efforts to resolve these matters without court intervention were attempted as evidenced by the Certificate of Conference included herein.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Movant prays that, upon hearing hereof, Invacare Corporation be ordered to completely and fully respond to the Requests for Production as requested hereinabove, that reasonable attorney's fees and expenses be awarded, and for such and further relief that may be awarded at law or in equity.

> Respectfully submitted,
>
> Lauren Graham & Associates PLLC
>
>
> By: /s/ Christopher L. Graham
> Christopher L. Graham
> Texas Bar No. 24047549
> 400 N. Saint Paul Street, #1000
> Dallas, Texas  75201

Tel. (214) 740-0011  
Fax. (214) 740-1188  
Attorney for Plaintiff  
Roderick Keith Graham

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney attempted in good faith to resolve the issues surrounding this discovery matter without court intervention, however those attempts failed. Therefore, the matter is presented to the Court for determination.

/s/ Christopher L. Graham  
Christopher L. Graham

**CERTIFICATE OF SERVICE**

      I certify that on March 3, 2009 a true and correct copy of Plaintiff's Motion to Compel was served to each person listed below by the method indicated.

                                        <u>Christopher L. Graham</u>
                                        Christopher L. Graham

**VIA FACSIMILE: 214-747-0942**
David M. Macdonald
MACDONALD DEVIN
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130

**VIA FACSIMILE**

Bradley Thomas Steele, Esq.
LAW OFFICE OF BRADLEY T. STEELE
1101 Judson Road
Longview, Texas 75601

Glen A. Perry, Esq.
SLOAN, BAGLEY, HATCHER & PERRY
P.O. Drawer 2902
Longview, Texas 75606

Lewis Scofield, Esq.
MCHAFFEY WEBER
2615 Calder Ave., Suite 800
Beaumont, Texas 77704

Matthew M. Hurt, Esq.
Michael V. Powell, Esq
LOCKE LORD BISSELL & LIDDELL, LLC
2200 Ross Ave., Suite 220
Dallas, Texas 75201-6676
Wade McClure, Esq.

Evelyn A. Yaeger, Esq
GIBSON, MCCLURE, WALLACE & DANIELS, L.L.P.
8080 N. Central Expresswa
Suite 1300, LB 50

Dallas, Texas 75206-1838

Bradley J. Yeretsky, Esq.
STINSON MORRISON HECKER, LLP
1201 Walnut
Kansas City, Missouri 64106

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL TEXAS

| | |
|---|---|
| **CLARA PATTON, IND. AND ON BEHALF OF THE ESTATE OF LAURA PATTON, DECEASED; KIMBERLY GRAHAM, IND AND ON BEHALF OF THE ESTATES OF DESTINY GRAHAM, DECEASED, AND DA'MARCUS KING, DECEASED; LAUMARKA KING; DESHAWN BROWN AND CASSANDRA BROWN, IND. AND ON BEHALF OF THE ESTATE OF NATHANIAL BROWN, DECEASED, AND AS NEXT FRIEND FOR JOHN "C.j."BROWN, A MINOR; JAMES DAVISON, JR. AND DEBBIE ROCKWELL, IND. AND ON BEHALF OF THE ESTATE OF TESHAREME DAVISON, DECEASED,** | |
| **Plaintiffs,** | |
| **RODERICK GRAHAM, Intervenor** | **Civil Action No.: 2-08CV-040** |
| **V.** | |
| **INVACARE CORPORATION, PRAXAIR HEALTHCARE SERVICES, INC., KIDDE INDUSTRIES, INC, KIDDIE FYRNETICS, INC. A DIVISION OF UTC FIRE AND SECURITY CORPORATION, KIDDE SAFETY A/K/A WALTER KIDDE PORTABLE EQUIPMENT, INC. F/K/A FRYNETICS, INC., SPIRIT HOMES, INC., SPIRIT HOMES, INC., A DIVISION OF CAVALIER ENTERPRISES, INC., CAVALIER ENTERPRISES, INC., CAVALIER HOME BUILDERS, L.L.C. F/K/A CAVALIER HOMES OF ALABAMA, INC. AND PATRICIA B.** | |

| | |
|---|---|
| **GRIFFIN D/B/A DISCOUNT HOMES, INC.** | ) |
| | ) |
| **Defendants** | ) |

## ORDER GRANTING MOTION TO COMPEL

On _____, 2009, the Motion to Compel of Roderick Keith Graham, Movant herein, filed against Invacare Corporation, Respondent, was considered by the Court.  After considering the evidence and hearing the arguments of counsel, it appears to the Court that the Motion should be granted.

The Court finds that objections made by Invacare Corporation with respect to Requests for Production Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 24, 25(1), 25(2), 27, 28, 29, 31(1), 34, 35, 36, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 60, 61  are **OVERRULED**.

The Court finds that objections made with respect to the following Requests for Production are **SUSTAINED**:  NONE.

**IT IS THEREFORE ORDERED** that, on or before _____, Invacare Corporation completely and fully respond to Requests for Production Nos. 9, 10, 13, 14, 15, 16, 17, 18, 21, 22(2), 24, 25(1), 25(2), 27, 28, 29, 31(1), 34, 35, 36, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 60, 61.

**IT IS FURTHER ORDERED** that Invacare Corporation pay attorney's fees and expenses incurred in connection with this Motion to Compel to Movant Roderick Keith Graham in the amount of $1500.

**SIGNED** _____, 2009.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

/s/ Christopher L. Graham
Christopher L. Graham
Attorney for Plaintiff Roderick Keith Graham
Lauren Graham & Associates PLLC
400 N. Saint Paul Street, #1000
Dallas, Texas 75201
Tel: (214) 740-0011
Fax: (214) 740-1188

_____
Matthew Hurt
Attorney for Praxair Heathcare Services, Inc

_____
David M. Macdonald
MACDONALD DEVIN
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130

_____
Bradley Thomas Steele, Esq.
LAW OFFICE OF BRADLEY T. STEELE
1101 Judson Road
Longview, Texas 75601

_____
Glen A. Perry, Esq.
SLOAN, BAGLEY, HATCHER & PERRY
P.O. Drawer 2902
Longview, Texas 75606

_____
Lewis Scofield, Esq.
MCHAFFEY WEBER
2615 Calder Ave., Suite 800
Beaumont, Texas 77704


_____
Matthew M. Hurt, Esq.
Michael V. Powell, Esq
LOCKE LORD BISSELL & LIDDELL, LLC
2200 Ross Ave., Suite 220
Dallas, Texas 75201-6676


_____
Wade McClure, Esq.
Evelyn A. Yaeger, Esq
GIBSON, MCCLURE, WALLACE & DANIELS, L.L.P.
8080 N. Central Expresswa
Suite 1300, LB 50
Dallas, Texas 75206-1838


_____
Bradley J. Yeretsky, Esq.
STINSON MORRISON HECKER, LLP
1201 Walnut
Kansas City, Missouri 64106