# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CLARA PATTON, ET AL. | § | |
| | § | |
| VS. | § | CASE NO. 2:08-CV-040-TJW-CE |
| | § | |
| INVACARE CORPORATION, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

The following motions are pending before the court: Praxair Healthcare Servs., Inc.'s ("Praxair") original and supplemental motions for summary judgment (Dkt. Nos. 106 & 138) and Invacare Corporation's ("Invacare") motions for summary judgment (Dkt. Nos. 122 & 136). For the reasons indicated below, the court grants the summary judgment motions.

### II.  Factual and Procedural Background

This lawsuit arises from a fire that occurred at a mobile home in Harrison County, Texas on January 9, 2006. Five people died as a result of the fire. On January 7, 2008, Clara Patton, individually and on behalf of the Estate of Laura Patton, deceased; Kimberly Graham, individually and on behalf of the Estates of Destiny Graham, deceased, and Da'Marcus King, deceased; Laumarko King; Deshawn Brown and Cassandra Brown, individually and on behalf of the Estate of Nathaniel Brown, deceased, and as next friend of John "C.J." Brown, a minor; and Debbie Rockwell and James Davison, Jr., individually and on behalf of the Estate of Teshareme Davison, deceased (collectively, "the plaintiffs") filed their original complaint against the defendants. Kimberly Graham asserts a wrongful death cause of action against the defendants seeking recovery of wrongful death damages as a surviving parent of her two children, Destiny Graham and Da'Marcus King. Kimberly Graham also asserts a survival cause of action against

the defendants seeking recovery of survival damages on behalf of the Estates of Destiny Graham and Da'Marcus King.

On or about January 11, 2008, intervenor plaintiff Roderick Keith Graham ("the intervenor") filed his petition in intervention. The intervenor asserts a wrongful death cause of action against the defendants seeking recovery of wrongful death damages as a surviving parent of Destiny Graham. The intervenor also asserts a survival cause of action seeking recovery of survival damages on behalf of the Estate of Destiny Graham.

Invacare filed its first motion for summary judgment (Dkt. No. 122) on April 6, 2009, seeking partial summary judgment that the intervenor lacks capacity to file a survival action on behalf of the Estate of Destiny Graham. Invacare subsequently filed its second motion for summary judgment (Dkt. No. 136) on May 13, 2009, seeking summary judgment as a matter of law on all of the intervenor's claims, in addition to reiterating its position contained in its first motion for summary judgment. The intervenor did not file a response to either motion for summary judgment.

Praxair filed its motion for summary judgment (Dkt. No. 106) on February 16, 2009, seeking summary judgment as a matter of law on all of the intervenor's claims. Invacare filed its supplemental motion to its first motion for summary judgment (Dkt. No. 138) on May 13, 2009, indicating its intent to join Invacare's second motion for summary judgment. The intervenor did not file a response to the motion for summary judgment or the supplemental motion.

## III. Discussion

A party's failure to respond to a motion for summary judgment does not, by itself, support granting summary judgment. The moving defendant must establish the absence of a genuine issue of material fact. *See Fritz v. Mineral Wells Indept. School District*, 275 F.3d 43

(5th Cir. 2001) (citing *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985), and *Ceasar v. Lamar Univ.*, 147 F.Supp.2d 547, 550 (E.D. Tex. 2001)). The court, however, will assume that the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. *Id.* "The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment." *See* E.D. Tex. Local Court R. 56(c); *Jones v. Fountain*, 121 F.Supp.2d 571, 572 (E.D. Tex. 2000).

In support of its first motion for summary judgment (Dkt. No. 122), Invacare argues that the intervenor never established his legal right to represent the Estate of Destiny Graham pursuant to Texas Civil Practice and Remedies Code § 71.021. *See Shepherd v. Ledford*, 962 S.W.2d 28, 33-34 (Tex. 1998); *Austin Nursing Ctr. V. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005); *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). In support of its second motion for summary judgment (Dkt. No. 136), Invacare argues that the intervenor has offered no evidence of any defect in the oxygen concentrator and no evidence that the oxygen concentrator caused the fire. *See, e.g., Houston Lighting & Power v. Reynolds*, 765 S.W.2d 784, 785 (Tex. 1988) ("In order to recover for an injury on the theory of strict liability in tort, the plaintiff bears the burden of proving that the defendant: (1) placed in the stream of commerce a product; (2) that such product was in a defective or unreasonably dangerous condition; and (3) that there was a causal connection between such condition and the plaintiff's injuries or damages."). Furthermore, the intervenor has not elaborated on which type of product defect allegedly caused the damages and has failed to designate experts and trial witnesses to establish causation. *See, e.g., GMC v. Sanchez*, 997 S.W.2d 584, 592 (Tex. 1999); *Blackwell Burner Co. v. Cerda*, 644

S.W.2d 512, 516 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.); *Ford Motor Co. v. Bland*, 517 S.W.2d 641, 643-44 (Tex. Civ. App. —Waco 1974, writ ref'd n.r.e.). In its second motion for summary judgment, Invacare also reiterated its position regarding its first motion for summary judgment. Praxair joins Invacare in urging the same (Dkt. Nos. 106 & 138).

The court has considered the motions for summary judgment and the record developed thus far. In the absence of a response by the intervenor attempting to controvert the evidence presented in each of the motions for summary judgment, the court concludes that there is no genuine issue of material fact as to the balance of the claims between the intervenor and the defendants, Invacare and Praxair.

**IV.    Conclusion**

The court concludes that summary judgment is warranted as against the intervenor. Accordingly, the court grants Invacare's motions for summary judgment (Dkt. Nos. 122 & 136). The court also grants Praxair's motion for summary judgment and supplemental motion for summary judgment (Dkt. Nos. 106 & 138).

SIGNED this 23rd day of July, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE